UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                           No. 03-4020

ROBERT FRANCIS SMITH, JR.,
          *Defendant-Appellant.*

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                           No. 03-4021

ROBERT FRANCIS SMITH, JR.,
          *Defendant-Appellant.*

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-02-15-BO, CA-02-81-BO)

Submitted: July 18, 2003

Decided: August 1, 2003

Before GREGORY and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Francis Smith, Jr., pled guilty to four counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Three counts were charged in one indictment and one count in another indictment. These robberies occurred on four consecutive days; in each case, Smith entered a bank and passed a note to a teller that stated that Smith had a gun and he wanted money. Smith was arrested on the fourth day, made incriminating statements, and later pled guilty. He was sentenced to 180 months imprisonment on each count, to run concurrent with each other, followed by three years supervised release, and a $11,831.70 fine. Smith appeals.

Before sentencing, Smith filed a motion for downward departure claiming diminished capacity, *U.S. Sentencing Guidelines Manual* § 5K2.13 (2001). After hearing argument on the motion, the district court concluded that Smith was not entitled to a downward departure and denied the motion. On appeal, Smith challenges his sentence, contending that the district court applied the wrong legal standard in denying the departure.

As the district court found, Smith did not establish his eligibility for a diminished capacity departure, as the offenses involved vio-

lence. We reject, as unsupported by the record, Smith's argument that the district court relied on the "crime of violence" standard of USSG § 4B1.2(a). The district court held that, by the terms of USSG § 5K2.13, Smith was not eligible for relief in view of the serious threat of violence in his crimes. The district court made an adequate "fact-specific investigation of the offense to determine whether it was non-violent." *United States v. Morin*, 124 F.3d 649, 653 (4th Cir. 1997). Its single use of the phrase, "crime of violence" does not require us to find that the court applied the wrong standard in assessing Smith's eligibility for the departure. We conclude that the district court's finding on this issue was not clearly erroneous. *See United States v. Bowe*, 257 F.3d 336, 347 (4th Cir. 2001).

We affirm Smith's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*